IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

Plaintiff,

v.                                    CRIMINAL NO. 2:07CR19
                                          (Judge Keeley)

JOHN C. SHARP,

Defendant.


MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO ALLOW WITNESSES TO TESTIFY BY TELEPHONE

On June 11, 2009, the government moved to allow Joel
Hirschhorn ("Hirschhorn") and Thomas Dawson ("Dawson") to
participate by telephone during the evidentiary hearing in this
case scheduled for Thursday, July 2, 2009 at 9:30 A.M. In support
of its motion, the government states that, although it has served
a subpoena on Hirschhorn, he will be in the middle of a long-
planned and important family trip on July 2, 2009; thus, it would
pose a significant hardship for him to appear at the hearing in
person. The government also states that it is in the process of
serving a subpoena on Dawson, a resident of Kansas, and that it
will be difficult for him to travel to Elkins, West Virginia, for
the evidentiary hearing given the distance and the accompanying
expense. Moreover, both Hirschhorn and Dawson are available to
appear and testify by telephone during the hearing.

On June 24, 2009, the defendant, John Sharp ("Sharp"),
objected to the government's motion to allow Hirschhorn and Dawson

**ORDER GRANTING MOTION TO ALLOW**
**WITNESSES TO TESTIFY BY TELEPHONE**

to testify by telephone.  Sharp argues that he anticipates a conflict in testimony between himself and those witnesses, and that it will be necessary for the Court to observe the demeanor of the witnesses in order to determine their credibility.  Sharp asserts that, on May 22, 2009, he sent letters to Hirschhorn and Dawson, informing each of the hearing on July 2, 2009.  <u>See</u> Response, dkt. no. 182, Exhibit 1.

Sharp states that Dawson indicated he would be available for the hearing.  Moreover, according to Sharp, when his attorney spoke to Hirschhorn by telephone about the hearing, Hirschhorn initially indicated he had a family vacation that conflicted; by the end of the conversation, however, he had stated he could be available for the hearing.  Sharp, however, does not allege that either Hirschhorn or Dawson explicitly agreed to appear in person to testify at the hearing.

On June 26, 2009, the government filed its reply, in which it argued that these witnesses are officers of the court and, contrary to Sharp's assertion, there is no need for the Court to see them in person to assess their credibility.  Moreover, Sharp's right to confront a witness is a trial right; thus, testimony by telephone is permissible at this evidentiary hearing.  <u>See</u> <u>Penton v. Kernan</u>,

**ORDER GRANTING MOTION TO ALLOW**
**WITNESSES TO TESTIFY BY TELEPHONE**

528 F. Supp. 2d 1020, 1036-1037 (S.D. Cal. 2007)(holding that petitioner did not have right to confrontation at post-conviction hearing on motion for a new trial because it is a trial right).

The government also points out that the Court has allowed other witnesses in this case to appear by telephone for non-trial hearings. For instance, on May 19, 2008, the Court held a hearing pursuant to <u>Daubert v. Merrill Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), and heard testimony by telephone from the expert witnesses for both the government and defendant.[1]

The Sixth Amendment, in pertinent part, states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." This constitutional right to confront witnesses, however, is limited to trial. <u>Pennsylvannia v. Ritchie</u>, 480 U.S. 39, 52 (1987).

The purpose of the evidentiary hearing on July 2, 2009, is to consider Sharp's post-trial allegations of prosecutorial misconduct and ineffective assistance of counsel. Specifically, Sharp alleges

---

[1] Presumably based on its correspondence with the defendant's counsel, the government states that Sharp may move to continue the hearing if the witnesses are allowed to appear by telephone. Sharp's response argues against allowing the witnesses to appear by telephone but does not move in the alternative, to continue the hearing. The Court, therefore, does not address this issue.

**ORDER GRANTING MOTION TO ALLOW
WITNESSES TO TESTIFY BY TELEPHONE**

that his attorney agreed with the government that he would not
testify and then rested his case without consulting him, thus
depriving him of his right to testify.  According to Sharp, the
testimony of Hirschhorn and Dawson will provide facts necessary to
properly evaluate Sharp's allegations.

The Court agrees with the government that the presence of
Hirschhorn and Dawson is not required to weigh their credibility,
and that to require them to be at the hearing in person will impose
an undue hardship on both individuals.  Both are lawyers, officers
of the Court, and the Court had the opportunity to observe them
extensively during earlier proceedings in this case.  Moreover,
Sharp has provided no legal support for his contention that the
Court "will need" to observe the witnesses in person to gauge their
credibility.

Accordingly, the Court **GRANTS** the government's motion (dkt.
no. 179), to permit Hirschhorn and Dawson to appear and testify by
telephone during the evidentiary hearing on July 2, 2009 beginning
at 9:30 A.M.  It also **ORDERS** the government to obtain from the
witnesses contact information where they can be reached between the
hours of 9:30 A.M. and 5:00 P.M. on July 2, 2009.

It is so **ORDERED**.

### ORDER GRANTING MOTION TO ALLOW
### WITNESSES TO TESTIFY BY TELEPHONE

---

The Court **DIRECTS** the Clerk to transmit copies of this Order

to the counsel of record and to all appropriate agencies.

DATED: June 29, 2009.


/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE