**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

  v.                                  **CRIMINAL NO. 2:07CR19**
                                            **(Judge Keeley)**

**JOHN C. SHARP,**

      **Defendant.**

### ORDER DENYING MOTION TO QUASH SUBPOENA TO TESTIFY

On June 10, 2009, Dorwin J. Wolfe ("Wolfe"), former counsel for the defendant, John C. Sharp ("Sharp"), filed a motion seeking to quash a subpoena from the United States requiring his appearance as a witness on July 2, 2009, at the scheduled evidentiary hearing in this case (dkt. no. 177). In support of his motion, Wolfe stated that, as former trial counsel for Sharp, his conversations with Sharp are within the attorney-client relationship; thus, he is forbidden to testify regarding his representation of Sharp, as it would be in violation of attorney-client confidentiality and West Virginia Rule of Professional Conduct 1.6.

On June 12, 2009, the government responded, arguing that it is the client, not the attorney, who holds the privilege, and that Sharp waived the privilege when he made the conduct of his trial attorneys an issue in his post-trial motion for a new trial (dkt. no. 180). Moreover, the government argued disclosure of such privileged information fits one of the exceptions to Rule 1.6(b)(2).

**ORDER DENYING MOTION TO QUASH SUBPOENA TO TESTIFY**

On June 24, 2009, Wolfe filed another motion to quash which, other than the date on the certificate of service and that it was electronically signed, is identical to his first motion (dkt. no. 181).

### I. Statement of the Law

Under West Virginia Rule of Professional Conduct 1.6,

> (a) A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraph (b).
>
> (b) A lawyer may reveal such information to the extent the lawyer reasonably believes necessary:
>
> . . .
>
> > (2) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of a client.

"The client," however, "is the holder of the attorney-client privilege and can waive it either expressly, or through conduct." Hawkins v. Stables, 148 F.3d 379, 384 n.4 (4th Cir. 1998)(citations

omitted). A client waives this privilege through conduct when he makes "any disclosure of a confidential communication to any individual who is not embraced by the privilege. Such a disclosure vitiates the confidentiality that constitutes the essence of the attorney-client privilege." Id.

If a client discloses confidential information to a third party, the client impliedly waives the attorney-client privilege as to that specific information, as well as to information within the subject matter of the disclosure. Id. "Subject matter waiver is limited to 'other communications relating to the same subject matter.'" Id.

## II. Analysis

On February 13, 2009, Sharp filed a post-trial motion for a new trial, in which he alleged, among others a claim of ineffective assistance of counsel. Specifically, Sharp claims that his trial attorneys, Dorwin Wolfe, Thomas Dawson, and Joel Hirschhorn, were ineffective because they entered into an agreement with the prosecution, without his knowledge or consent, that he would not testify, and prevented him from testifying at trial (which he wanted to do) by resting the defense's case-in-chief without consulting him. In Sharp's reply brief, he requests an evidentiary hearing, in part to develop the factual basis for his ineffective

assistance of counsel claim because Wolfe, among others, refused to provide him with an affidavit.

Sharp has not invoked attorney-client privilege; indeed, his post-trial motion squarely puts his attorney-client relationship with his trial attorneys at issue. Hence, Sharp has impliedly waived his attorney-client privilege relating to the subject matter of his discussions with his trial attorneys, including Wolfe, regarding the advice those attorneys gave him related to testifying at trial. This includes the decision-making process surrounding the possibility that he would testify, the circumstances surrounding the final decision, and his attorneys' actions following the trial regarding his complaints about not being able to testify.

Although Wolfe stresses his responsibilities under the West Virginia Rules of Professional Conduct, Rule 1.6 permits a lawyer to reveal information related to the representation of a client "to the extent the lawyer reasonably believes necessary . . . to respond to allegations in any proceeding concerning the lawyer's representation of a client." Rule 1.6(b)(2). The purpose of the evidentiary hearing scheduled for July 2, 2009 is to develop the basis for Sharp's claims of prosecutorial misconduct and ineffective assistance of counsel, both of which involve the

allegation that his trial attorneys, including Wolfe, deprived him of the right to testify. This clearly deals with Wolfe's representation of Sharp, and Wolfe's testimony at the evidentiary hearing, thus, would come within the exception to Rule 1.6(b)(2)'s prohibition. Wolfe therefore cannot refuse to testify about otherwise privileged attorney-client communications which Sharp, the holder of the privilege, impliedly waived by filing his post-trial motion for a new trial.

### III.  Conclusion

For the reasons stated, the Court **DENIES** both of Wolfe's motions to quash (dkt. no. 177 and 181).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to the counsel of record, all appropriate agencies, and to Dorwin J. Wolfe at 200 Kerens Avenue, Elkins, WV 26241 via certified mail, return receipt requested.

DATED: June 29, 2009.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE