# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOHN C. SHARP,**

      **Petitioner,**

**v.**                                              **Civil Action No. 2:12CV19**
                                                       **Criminal Action No. 2:07CR19**
                                                       **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## REPORT AND RECOMMENDATION THAT § 2255 MOTION BE DENIED

## I. INTRODUCTION

On March 7, 2012, John C. Sharp ("Petitioner") initiated this habeas corpus action pursuant to 28 U.S.C. § 2255. On April 13, 2012, the Government filed a Response in Opposition to Petitioner's motion. Petitioner did not file a reply.

## II. FACTS

**A.**     **Conviction and Sentence**

On February 18, 2007, Petitioner was indicted via superseding indictment on thirty counts of health care fraud in violation of 18 U.S.C. § 1347. After a sixteen-day jury trial, during which Petitioner did not testify, on June 12, 2008, Petitioner was convicted on the twenty-nine counts.[1] Petitioner then filed post-trial motions for a new trial or acquittal, arguing that his counsel was ineffective because they prevented him from testifying. He also argued he was not informed of his right to testify and that the trial court should have obtained an on-the-record waiver of his right to testify. An evidentiary hearing was held on the motions on July 2, 2009.

---

[1] One count was dismissed by the Government prior to trial.

On September 8, 2009, the Court denied Petitioner's motions.

On October 6, 2009, Petitioner was sentenced to 36 months' imprisonment on each count to run concurrently, three years of supervised release on each count to run concurrently, a $100 special assessment fee for each count, and restitution in the amount of $542,275.51.

**B.     Appeals**

Petitioner filed a Notice of Appeal on October 9, 2009. On appeal, he argued that 1) the District Court erred by admitting unduly prejudicial evidence at trial, 2) he received ineffective assistance of counsel due to his trial counsel's failure to inform him of his right to testify and the district court's failure to *sua sponte* conduct an on-the-record colloquy to obtain a waiver of his right to testify, 3) that the prosecution engaged in misconduct by eliciting false testimony, misstating the evidence, and exceeding the scope during its rebuttal argument, 4) certain counts in the superseding indictment were time-barred, 5) that 18 U.S.C. § 1347 does not apply to state owned and operated workers' compensation systems, 6) that the Government did not meet its burden or have sufficient evidence as to each count in the superseding indictment, and 7) the district court erred by disallowing certain expert testimony. On November 5, 2010, the Court of Appeals for the Fourth Circuit issued an unpublished *per curium* opinion affirming Petitioner's conviction and sentence. United States v. Sharp, No. 09-4932, 2010 WL 4386884 (4th Cir. Nov. 5, 2010).

**C.     Federal Habeas Corpus**

Petitioner asserts he should be afforded habeas relief based on ineffective assistance of counsel because:

    a.    His trial counsel did not advise him of his right to testify on his own behalf and they prevented him from testifying

b. The District Court failed to *sua sponte* conduct an on-the-record colloquy to obtain a waiver of his right to testify on his own behalf

The Government contends these arguments lack merit because the District Court had no duty to inform Petitioner of his right to testify. Furthermore, the Government contends that Petitioner's trial counsel fully informed him of his right to testify, and that even, assuming *arguendo*, Petitioner could establish that his attorneys failed to advise him of his right to testify, he cannot meet the second Strickland prong because he has not established that but for this deficiency, the outcome of the trial would have been different.

### D. Recommendation

Based upon a review of the record, the undersigned recommends that Petitioner's § 2255 Motion be denied and dismissed from the docket because Petitioner's claims are without merit.

## III. ANALYSIS

### A. Petitioner's Burden of Proof

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, No. 2:02CR65, 2006 WL 36859, at *2 (E.D.Va. Jan. 4, 2006).

### B. Procedural Default

The Court finds Petitioner is not procedurally barred from raising claims of ineffective assistance of counsel in his present § 2255 motion. It is well settled that issues previously

rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). Constitutional errors that were capable of being raised on direct appeal but were not may be raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). Claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, No. 5:03CV02084, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W.Va. June 20, 2006).

**C.     Ineffective Assistance of Counsel**

Claims of ineffective assistance of counsel are measured under a two-part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90. Second, the petitioner must demonstrate he was prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged

4

ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Attorney

Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

**D.    Claims**

>   **1.    Claim One: Counsel's Failure to Advise Petitioner of his Right to Testify and Counsel's Refusal to Allow Him to Testify**

Petitioner first alleges that his counsel's conduct fell below an objective standard of reasonableness because they did not advise him that he had a constitutional right to testify at trial. As a general rule, "a criminal defendant has a constitutional right to testify on his own behalf at trial." United States v. Midgett, 342 F.3d 321, 325 (4th Cir.2003) (citing Rock v. Arkansas, 483 U.S. 44, 51 (1987)). It is "the defendant who retains the ultimate authority to decide whether or not to testify." United States v. McMeans, 927 F. 2d 162, 163 (4th Cir. 1992) (citing Jones v. Barnes, 463 U.S. 745, 751 (1983)). However, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland v. Washington, 466 U.S. at 689. Moreover, "the advice provided by a criminal defense lawyer on whether his client should testify is 'a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance.'" Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002)(internal citation omitted).

In this case, Petitioner's claim is insufficiently pled. First, Petitioner has failed to meet the first prong under Strickland of proving that his attorneys' conduct fell below an objective standard of reasonableness. Even though Petitioner argues that he was never informed by counsel of his right to testify on his own behalf, the record undercuts his argument. At the post-trial hearing, Petitioner stated: "I'm a physician. I'm a scientist and a physician. I'm not an attorney. I don't know what the constitutional rights are, but I know that you can testify in your

5

own defense...and I planned on doing so." Hr'g Tr. 21. Accordingly, by Petitioner's own admission, he knew of his right to testify. Furthermore, he also admitted that he did not complain to his attorneys after the defense rested or immediately after trial that he was not given an opportunity to testify. Hr'g Tr. 21-23. Outside of Petitioner's own admission that he was so informed, his lead trial counsel testified that he had discussions with Petitioner about whether he should testify, and that Petitioner concurred in his advice not to testify. Hr'g Tr. 112-19. Finally, Petitioner's wife also testified that she attended a meeting during which the Petitioner and his attorneys discussed the risks and benefits of his testimony. Hr'g Tr. 46-48. Accordingly, Petitioner has failed to meet his burden of showing unreasonable conduct under the first prong of the Strickland test.

Even assuming, *arguendo*, that Petitioner was able to satisfy the first prong of the Strickland test, he would still not have a valid ineffective assistance of counsel claim because he has not established that but for the conduct of his trial counsel, the outcome of the trial would have been different. First, Petitioner has offered no evidence in his § 2255 petition as to what testimony he would have offered if he testified at trial and how this would have placed doubts about his guilt in the minds of the jurors. See United States v. Terry, 366 F.3d 312, 318 (4th Cir. 2004). Second, the evidence on the record indicates that the outcome would likely have been the same or worse had he offered testimony. One of his attorneys, Mr. Hirschhorn, testified that Petitioner could not survive cross-examination and that it would have been a "terrible error" for him to have taken the stand. Hr'g Tr. 124. Accordingly, the Court must deny Petitioner's claim of ineffective assistance of counsel as without merit.

Finally, in second part of Petitioner's ineffective assistance of trial counsel claim, he

alleges that not only was he not informed of his right to testify, but that he was actively prevented from testifying. In order for Petitioner to meet the first prong of the Strickland test with regard to this claim, Petitioner must offer evidence to show his counsel's behavior fell below an objective standard of reasonableness. However, here Petitioner has offered no evidence that his counsel merely strongly advised- as opposed to coerced- him not to testify. Furthermore, the evidence on the record tends to indicate that Petitioner was not coerced, for example because he made no complaint about not being able to testify at the close of evidence or immediately after trial, as noted above. With this record and the Fourth Circuit's position that judicial scrutiny of counsel's performance must be highly deferential, this Court must find that counsel was not ineffective on the basis presently alleged. See United States v. Laureano, 2006 U.S. Dist. LEXIS 78227, at * 6-10 (D.S.C. Oct. 25, 2006). Accordingly, this Court must deny Petitioner's claim.

### 2. Claim Two: The District Court's Failure to Inform Petitioner of His Right to Testify

Next, Petitioner argues that the trial court failed in its duty, or the duty Petitioner would like the Court to create, to have an on-the-record colloquy with Petitioner about his right to testify. As a general rule, "[t]o waive the right [to testify], all the defendant needs to know is that a right to testify exists," and the district court does not need to advise a defendant of this right nor obtain a waiver from the defendant. United States v. McMeans, 927 F.2d 162, 163 (4th Cir. 1991). See also United States v. Richardson, 195 F.3d 192, 197-98 (4th Cir. 1999). Furthermore, "trial counsel, not the court, has the primary responsibility for advising the defendant of his right to testify," and thus "the burden of ensuring that a criminal defendant is informed of the nature and existence of the right to testify rests upon trial counsel." Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Although some circuits have recognized that there are some exceptional and

narrowly defined circumstances in which a direct colloquy with the defendant might be required, no such exceptional circumstances exist here. Petitioner has provided no credible evidence to show the defense counsel was frustrating his desire to testify, he did not express his desire to testify to the trial court, it is not a case where there is no rational explanation for the decision not to testify, and there is abundant evidence in the record that Petitioner did know and understand his right to testify, as already demonstrated in the above analysis. See Ortega v. O'Leary, 843 F.2d 258, 261 (7th Cir. 1988). Accordingly, this Court finds Petitioner's claim is without merit.

### IV. RECOMMENDATION

For the reasons stated above, the undersigned recommends that Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence be **DENIED**.

On or before **June 4, 2012**, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections shall also be submitted to District Judge Irene M. Keeley. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and counsel of record, as applicable.

DATED: May 21, 2012          /s/ James E. Seibert
                             JAMES E. SEIBERT
                             UNITED STATES MAGISTRATE JUDGE